**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gary Lee WALKER, Defendant-Appellant.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gonzalo HERNANDEZ, Jr., Defendant-Appellant.**

**Nos. 74-3866, 74–4029
Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 29, 1975.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Raul A. Gonzalez, Jr., Brownsville, Tex. (Court appointed), for defendants-appellants.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

## ON PETITION FOR REHEARING

(Opinions, Aug. 4, 1975, 5 Cir., 517 F.2d 1402 and Aug. 8, 1975, 5 Cir., 517 F.2d 1401).

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

In these appeals the Government, relying on *United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607, has filed a consolidated petition for rehearing of our reversals of the convictions of Walker and Hernandez, for possessing marijuana with intent to distribute it in violation of 21 U.S.C.A. § 841(a)(1). For the reasons hereafter appearing we grant the petition, withdraw our opinions,[1] and affirm the respective judgments of conviction.

In a bench trial it was stipulated that on June 5, 1974, about 1:30 in the morning, two Border Patrol officers in a marked car located at the junction of Highways 16 and 285, received an electronic signal from a Chekar device indicating that three vehicles travelling close together were approaching Hebbronville on Highway 16, which originates at the border town of Zapata, about 52 miles distance. When the vehicles reached the junction of Highway 285 the officers observed that the three vehicles were travelling together at a high rate of speed, and each vehicle was riding low in the rear as if heavily loaded. The vehicles failed to stop at the intersection and turned east on Highway 285. The officers gave pursuit during which speeds in excess of 85 miles per hour were reached. The officers were finally able to stop the last vehicle, which was being driven by Hernandez, about two miles east of Hebbronville. While questioning Hernandez about his citizenship the officers smelled the odor of marijuana coming from the vehicle. Upon opening the trunk 288 pounds of marijuana was found. While one officer stayed with Hernandez and his vehicle the other officer took up the pursuit of the other two vehicles and finally succeeded in stopping the vehicle driven by Walker about ten miles east on Highway 285. When Walker opened the trunk upon request, 198 pounds of marijuana was found. The third vehicle escaped. Motions to suppress the evidence were made and denied and the convictions of Walker and Hernandez ensued.

1. *United States v. Walker*, 5 Cir., 1975, 517 F.2d 1402, unpublished; *United States v. Hernandez*, 5 Cir., 1975, 517 F.2d 1401, unpublished.

The related facts bring these cases within the parameters set by the Supreme Court in *Brignoni-Ponce*. There the Court said:

. . . [B]ecause of the importance of the governmental interest at stake, the minimal intrusion of a brief stop, and the absence of practical alternatives for policing the border, we hold that when an officer's observations lead him reasonably to suspect that a particular vehicle may contain aliens who are illegally in the country, he may stop the car briefly and investigate the circumstances that provoke suspicion. . . . The officer may question the driver and passengers about their citizenship and immigration status, and he may ask them to explain suspicious circumstances, but any further detention or search must be based on consent or probable cause.

The Court further explained that:

The effect of our decision is to limit exercise of the authority granted by both § 287(a)(1) and § 287(a)(3). Except at the border and its functional equivalents, officers on roving patrol may stop vehicles only if they are aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicles contain aliens who may be illegally in the country.

Any number of factors may be taken into account in deciding whether there is reasonable suspicion to stop a car in the border area. Officers may consider the characteristics of the area in which they encounter a vehicle. Its proximity to the border, the usual patterns of traffic on the particular road, and previous experience with alien traffic are all relevant. . . . They also may consider information about recent illegal border crossings in the area. The driver's behavior may be relevant, as erratic driving or obvious attempts to evade officers can support a reasonable suspicion. . . .

The vehicle may appear to be heavily loaded, it may have an extraordinary number of passengers, or the officers may observe persons trying to hide. . . . In all situations the officer is entitled to assess the facts in light of his experience detecting illegal entry and smuggling. 422 U.S. at 881, 95 S.Ct. at 2582, 45 L.Ed.2d at 618, 619.

The factors relied upon *sub judice* supported a reasonable belief by the officers that the vehicles concealed aliens who were illegally in the country and thus justified stopping them. Thereafter, the odor of marijuana coming from Hernandez' car gave probable cause to make the search of his car and subsequently the search of Walker's car.

We have considered the other errors assigned by both Walker and Hernandez and find them to be without merit.

The judgments of the district court are

Affirmed.